UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TINA SVIEZIKAS,

        Plaintiff,                        Hon. Paul L. Maloney

v.                                         Case No. 1:25-cv-467

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/


**REPORT AND RECOMMENDATION**

This matter is before me on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C § 2412. (ECF No. 19.) Defendant has filed a response and does not oppose the amount requested. (ECF No. 21.) On December 1, 2025, the Court entered a Stipulation and Order and Judgment remanding the matter to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings. (ECF Nos. 17 and 18.) As set forth in her application, Plaintiff seeks an EAJA fee award of $5,675.25 representing 23 hours of attorney time at an hourly rate of $246.75. Plaintiff also requests $42.30 in PACER fees. (ECF No. 19 at PageID.1014, 1022.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the fee request **to an extent** but **deny** the PACER fee request.

Under the EAJA, the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of attorney's fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled to attorney's fees under the EAJA as a matter of course, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was

"substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As noted, pursuant to the parties' stipulation, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). There is no indication here that the Commissioner's position was substantially justified, or that special circumstances weighing against an award are present.

### *Hourly Rate*

Pursuant to the EAJA, an hourly rate shall be "based upon prevailing market rates for the kind and quality of the services furnished," subject to a presumptive cap of $125 per hour. 28 U.S.C. § 2412(d)(2)(A). A court may award a higher amount if it "determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* A fee applicant "bear[s] the burden of producing appropriate evidence to support [a] requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

For several years, judges in this district have agreed that $204.75 is an appropriate EAJA hourly rate. *See Belanger v. Comm'r of Soc. Sec.*, Case No. 2:20-cv-009, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75); *see also Rinheart v. Comm'r of Soc. Sec.*, No. 1:24-cv-1141, 2026 WL 545093, at *1 (W.D. Mich. Feb. 2, 2026), *adopted by* 2026 WL 542570 (W.D. Mich. Feb. 26, 2026); *Coy v. Comm'r of Soc. Sec.*, No. 1:24-cv-414, 2024 WL 6975220, at *1 (Dec. 12, 2024). In her present application, Plaintiff requests an hourly rate of $246.75. Plaintiff justifies this rate based on the rate of inflation between 2012 and 2025 which, according to usinflationcalculator.com, was 39.4%.

This means that $1.00 in 2012 would equal $1.41 in 2025, which is how Plaintiff arrives at the rate of $246.75 (2012 EAJA rate of $175 x. 1.41).[1]  (ECF No. 19 at PageID.1015.)

Plaintiff buttresses her proposed rate with rates from the USAO Attorney's Fee Matrix for 2015–2021 and the Laffey Matrix, *see* https://www.laffeymatrix.com/see.html, which indicate rates of $665.00 and $914 per hour, respectively, for an attorney with 31 or more years of experience, such as Plaintiff's counsel. (*Id.* at PageID.1017.) Notably, these sources provide rates for attorneys practicing, or for litigation occurring, in the District of Columbia and the Washington, D.C., metropolitan area, not West Michigan. She also mentions "multiple affidavits [from other attorneys] which accompany this Motion" (*id.*), but has neither attached nor separately filed any affidavit in support of her motion. Finally, Plaintiff cites the State Bar of Michigan Economics of Law Practice survey for 2020 and 2023. The 2023 survey reports rates of $250 for the 25th percentile and $650 for the 95th percentile for attorneys with more than 35 years of practice experience and rates of $275 for the 25th percentile and $625 for the 95th percentile for attorneys practicing in the Grand Rapids area. *See* https://www.michbr.org/file/pmrc/pdfs/EoL_Report23.pdf.

Although the Sixth Circuit has cautioned district courts not to give controlling weight to prior fee awards when presented with other credible evidence of the current market for legal services, *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021), rates that counsel have requested from this Court in recent similar cases provide solid evidence of the prevailing rate that attorneys in the community charge for similar services. *See Clark v. Comm'r of Soc. Sec.*, 849 F.3d 647, 652 (6th Cir. 2016) (citing *Sprinkle v. Colvin*, 777 F.3d 421, 429 (7th Cir. 2015)). Recently, in *Reginald V. v. Comm'r of Social Security*, No. 1:25-cv-62, 2026 WL 705206 (W.D. Mich. Feb. 24, 2026), *adopted*

---

[1]  According to the same calculator, the rate of inflation between 2021 and 2025 was 18.8 percent, yielding a rate of $243.24. By comparison, over the same period of time, federal employee pay under the General Schedule increased by just 12.7%. *See* https://www.federalpay.org/gs/raises.

*by* 2026 WL 703354 (W.D. Mich. Mar. 12, 2026), Magistrate Judge Vermaat approved a requested rate of $244.37 based on cost-of-living increases supported by the Consumer Price Index, as well as an affidavit of counsel who, like Plaintiff's counsel here, practiced almost exclusively Social Security Disability law. *Id.* at *1. In light of *Reginald V.* and Plaintiff's supporting materials, I recommend that the Court award Plaintiff fees at an hourly rate of $244.37.

### Number of Hours

Plaintiff seeks an award based on 23 hours of work, for which she presents a table describing each task performed and the number of hours spent on each task. (*Id.* at PageID.1023–24.) Defendant does not object to the number of hours, and having reviewed Plaintiff's submission, I find the number of hours claimed to be reasonable. Accordingly, I recommend that the Court award Plaintiff fees of $5,620.51 based on the above-recommended hourly rate.

### PACER Fees

Plaintiff seeks to recover PACER fees in the amount of $42.30 but has not identified a source of authority supporting her request. Courts have held that PACER fees are not taxable as costs under 28 U.S.C. § 1920. See *Madison Capital Co., LLC v. S&S Salvage, LLC*, No. 4:08-CV-134, 2011 WL 3667673, at *2 (W.D. Ky. Aug. 22, 2011) ("PACER charges are not costs that are recoverable under § 1920.") (citing *Thompson v. Quorum Health Res., LLC*, No. 1:06-CV-168, 2010 WL 2044542, at *7 (W.D. Ky. May 21, 2010)); *Vistein v. American Registry of Radiologic Technologists*, No. 1:05 CV 2441, 2010 WL 918081, at *9 (N.D. Ohio Mar. 10, 2010) ("Not one of these expenses [including PACER fees] is authorized as a taxable cost under Section 1920.") (citing, among others, *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678 (S.D. Fla. 2009)). Given Plaintiff's failure to provide support for her request, I recommend that the Court deny it.

4

## CONCLUSION

For the foregoing reasons, I recommend that the Court **grant** Plaintiff's application for EAJAs in the amount of $5,620.51 and **deny** her request for PACER fees.

In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), an order awarding EAJA fees must be entered directing payment to Plaintiff, not counsel. *Id.* at 591–93; *see also* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934–35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant). Therefore, I recommend that the Court order that payment be made directly to Plaintiff.

Dated: April 6, 2026                                          /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5